Michael M. **FEDER, as custodian for Jeffrey Feder and Mark Feder, under the U/G/M/A, Monroe Weintraub, on behalf of himself and all others similarly situated, Plaintiffs,**

v.

**MACFADDEN HOLDINGS, INC. and Macfadden Acquisition Corp., Defendants.**

**No. 86 Civ. 4625 (LLS).**

United States District Court, S.D. New York.

Oct. 12, 1989.

Goodkind, Labaton & Rudoff (Jonathan M. Plasse, of counsel), New York City, for plaintiffs.

---

Willkie Farr & Gallagher (Richard L. Posen, of counsel), New York City, for defendants.

## OPINION AND ORDER

STANTON, District Judge.

Defendants Macfadden Holdings, Inc. and Macfadden Acquisition Corp. ("Macfadden") move for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). This case arises out of Macfadden's unsuccessful attempt to obtain control of John Blair & Co., Inc. ("Blair") in May and June 1986. Familiarity with the court's prior opinion, 698 F.Supp. 47 (S.D.N.Y.1988), is assumed.

In essence, Macfadden claims the prior opinion wrongly applied the statutory[1] "best price" rule to a tender offer which expired, while the statute applies only to tender offers which are withdrawn or altered before they expire.

■ The point Macfadden raises is a new one, and it is appropriate to consider it at this time. The law of the case doctrine is not absolute. While it "directs a court's discretion, it does not limit the tribunal's power." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). There are substantial reasons for not adhering to the doctrine in this case. The prior opinion relied on *Field v. Trump*, 850 F.2d 938 (2d Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1122, 103 L.Ed.2d 185 (1989), in denying Macfadden's 12(b)(6) motion with respect to plaintiffs' section 14(d) claim. *See* 698 F.Supp. at 52. However, the court of appeals did not decide *Field* until after the parties had submitted all memoranda of law regarding that motion. Macfadden's present motion is the parties' first opportunity to discuss *Field* in the context of this case. Thus, fairness indicates that Macfadden's motion should be considered.

■ Section 14(d)(7) by its terms requires a tender offeror who "varies the terms of a tender offer … before the expiration thereof" to pay the increased consideration to those shareholders who had previously tendered their shares. 15 U.S.C. § 78n(d)(7) (1982). The court's prior opinion held that Macfadden's successive offers might be regarded by a jury as a single offer within section 14(d)(7) under *Field*'s analysis. 698 F.Supp. at 52.

In *Field*, the defendant withdrew its tender offer so that it could negotiate the purchase of a large block of shares at a premium over the existing tender offer price. *Field*, 850 F.2d at 941–42. This withdrawal occurred four days after the offer was made. *Id.* at 943. Under Rule 14d–2(b), any tender offer that is withdrawn within five days of its commencement is deemed not to have commenced. 17 C.F.R. § 240.14d–2(b) (1987). The defendant in *Field* asserted that since the tender offer did not legally commence, it could not have been "withdrawn" for purposes of the "best price" rule. *Field*, 850 F.2d at 943. The court of appeals dismissed this argument as being too technical in light of the remedial policies underlying the "best price" rule. *Id.* at 944–45. The court stated that "an announcement of a withdrawal is effective when the offeror genuinely intends to abandon the goal of the original offer." *Id.* at 945.

*Field* thus involved the withdrawal of a tender offer, whereas Macfadden's tender offer expired. According to the complaint, Macfadden's original offer expired at midnight on June 5, 1986. (Complaint at ¶ 25). Macfadden did not extend the offer beyond that date. Rather, it made a new tender offer a week later, on June 12, 1986.

The distinction is more than semantic. By its terms, section 14(d)(7) applies to withdrawals of tender offers. 15 U.S.C.

---

1. 15 U.S.C. § 78n(d)(7), which is section 14(d)(7) of the Williams Act, reads as follows: Where any person varies the terms of a tender offer or request or invitation for tenders before the expiration thereof by increasing the consideration offered to holders of such securities, such person shall pay the increased consideration to each security holder whose securities are taken up and paid for pursuant to the tender offer or request or invitation for tenders whether or not such securities have been taken up by such person before the variation of the tender offer or request or invitation.

15 U.S.C. § 78n(d)(7) (1982).

§ 78n(d)(7). It imposes no obligation on a tender offeror who allows its offer to expire, and then begins a new, enhanced offer, to pay increased consideration to those whose shares were accepted under the first offer. Nor does *Field* state or imply that obligation.

The policy concerns in *Field* do not apply here. *Field* observed that "giving effect to every purported withdrawal that allows a discriminatory premium to be paid to large shareholders would completely undermine the 'best price rule.' " *Field*, 850 F.2d at 944. Under such circumstances offerors could "withdraw" their offers, begin "new" offers at higher prices, and avoid the obligations imposed by the "best price" rule.

Macfadden's offer posed no such threat. Tendering shareholders were informed that the offer would expire on May 19, 1986 (Complaint at ¶ 15), later extended to June 5. (*Id.* at ¶¶ 18–25). They also knew that the right to withdraw their tendered shares expired on May 12. (*Id.* at ¶ 15). They knew the implications of their tender, which remained constant throughout the offer's life. Macfadden did not suddenly withdraw its offer so that it could pay a premium to favored shareholders as the defendants did in *Field*. Moreover, plaintiffs were protected against an unreasonably short duration of Macfadden's tender offer by SEC regulations which set a minimum offer length.[2]

Plaintiffs allege that the second, improved Macfadden offer "was, in fact, an enhancement and continuation of the original Macfadden Offer for the shares of Blair within the meaning of Section 14 of the 1934 Act." (Complaint at ¶ 41). The fact, recognized by plaintiffs, that Macfadden's first offer did expire (Complaint ¶ 25–28) renders this argument a legal, rather than a factual, one.

The statute should be applied in accord with its provisions, for the accurate guidance of those engaged in the complexity of negotiations for corporate control. As written, it does not apply to offers which expire by their own terms, and the court should not so apply it.

Accordingly, Macfadden's motion for judgment on the pleadings is granted.

So ordered.

---

2. Under Rule 14e–1, a tender offer must last for at least ten business days after it is first disseminated. 17 C.F.R. § 240.14e–1 (1988).